ALBERT SAFARIK V. JOSEPH GREENWALD ET AL.

1. VENUE OF ACTION FOR SPECIFIC PERFORMANCE OF LAND CONTRACT.

An action under Sec. 5024 Rev. Stat., to compel the specific performance of a contract for the sale of real estate, may be brought in the county where the land lies, although no defendant is resident therein, and service may be had upon nonresident defendants by publication.

2. OWNERSHIP OF PROPERTY AT FILING OF PETITION DOES NOT AFFECT SERVICE.

In an action for the specific performance of a contract for the sale of real estate

it is immaterial, so far as service is concerned, whether or not the defendants were the owners of the property when the petition was filed.

ERROR to the court of common pleas.

Myler & Turney, for plaintiff.

F. C. Friend, for defendants.

WINCH, J.

Plaintiff filed a petition in the common pleas court of Cuyahoga county to compel the specific performance of a contract of sale of real estate situated in said county. Attached to the petition is an affidavit setting forth the nature of the action, the location of the land in Cuyahoga county, and the nonresidence of the defendants, who, it is stated, reside in Whiting, Indiana.

While not required by statute to do so, plaintiff also filed a motion that the court permit and allow service by publication, attaching to his motion an affidavit similar to the one attached to the petition. This motion was granted, publication of notice was made for six weeks and proof thereof filed.

Thereafter defendants, appearing for the purpose of the motion only, moved the court to set aside the order for publication and "to dismiss the cause for want of proper and legal service and for want of jurisdiction as appears from the affidavit herewith." Said affidavit is to the effect that the defendants were not the owners of the property described in the petition at the time it was filed, nor have they since been. This motion of the defendants was granted, and the case comes into this court on petition in error to reverse said order of the common pleas court.

Section 5024 Rev. Stat. provides:

"An action to compel the specific performance of a contract of sale of real estate may be brought in the county where the defendants, or any of them, reside."

The Supreme Court, in the case of Owens v. Hall, 13 Ohio St. 571, held that such action may be brought either in the county where the land lies, or in that where one of the defendants resides.

Section 5048 Rev. Stat. reads:

"Service may be had by publication in either of the following cases:

"1. In actions under the first three sections of the last chapter, when the defendant resides out of the state, or his residence cannot be ascertained."

Section 5024 Rev. Stat. is the third section of the "last chapter" above referred to.

It therefore appears that this action was rightly brought in Cuya-

hoga county, and that the defendants, being nonresidents of the state, service might properly be made by publication. So far as service is concerned. it is immaterial whether defendants were owners of the property when the petition was filed, or not.

That fact, if proved as a defense to the action, might render a decree for specific performance ineffectual, particularly so if a third person not party to the action was in possession under claim of ownership. It may also be observed that title to real estate, or lack of title, for that matter, is not proved by affidavit.

For error in granting the motion of defendants to dismiss the cause for want of service, the judgment is reversed.